CC TO JUDGE _KN_

Honorable Barbara J. Rothstein

☑ FILED ☐ ENTERED
☐ LODGED ☐ RECEIVED

JUL 0 2 2001    KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

KENDRICK F. CHAMBERLIN, a married person on behalf of his separate estate,

Plaintiff,

vs.

ADVANCED EQUITIES, INC., an Indiana corporation; ERIC WOO-IL KIM and JANE DOE KIM, husband and wife and their marital community, KEITH DAUBENSPECK and JANE DOE DAUBENSPECK, husband and wife and their marital community, LEE M. WISKOWSKI and JANE DOE WISKOWSKI, husband and wife and their marital community; JOSEPH W. HENNESSY and JANE DOE HENNESSY, husband and wife and their marital community; ADVANCED EQUITIES INVESTMENTS III, LLC, a Delaware limited liability company; WD HOLDINGS, INC., an Illinois corporation,

Defendant.

NO. C01-0502R

**ANSWER**

Defendants, for their answer, hereby admit, deny, and allege as follows

## JURISDICTION AND VENUE

1   Answering paragraph 1, Defendants admit the same

*Answer -P*

CV 01-00502 #00000014

Law Offices
CLARK MARTIN & PETERSON ■
A Professional Service Corporation
0 Galland Building, 1221 Second Avenue
Seattle, Washington 98101-2925
06) 623-1745, Facsimile (206) 623-7789

## PARTIES

2. Answering paragraph 2, Defendants admit that plaintiff is a resident of King County, Washington. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore deny the same

3. Answering paragraph 3, Defendants admit the same.

4. Answering paragraph 4, Defendants admit that Eric Woo-Il Kim was at all relevant times a broker licensed by the NASD and the State of Washington, a resident of Illinois, employed by Advanced Equities, and the Chief Operating Officer of Advanced Equities. Defendants deny each and every other allegation in paragraph 4

5. Answering paragraph 5, Defendants admit that Keith Daubenspeck at relevant times has been Chief Executive Officer of Advanced Equities, Inc. ("Advanced Equities") and that he is a resident of Illinois. Defendants deny each and every other allegation in paragraph 5.

6. Answering paragraph 6, Defendants admit that Lee Wiskowski at relevant times has been a member of the Board of Directors of Advanced Equities and that he is a resident of Illinois. Defendants deny each and every other allegation in paragraph 6.

7. Answering paragraph 7, Defendants admit that Joseph Hennessey was at one time a member of the Board of Directors of Advanced Equities and that he is a resident of Illinois Defendants deny each and every other allegation in paragraph 7.

8. Answering paragraph 8, Defendants admit that WD Holdings, Inc is an Illinois corporation and that at all relevant times, Advanced Equities has been its wholly owned subsidiary. Defendants deny each and every other allegation in paragraph 8

9. Answering paragraph 9, Defendants admit that Advanced Equities Investments III, LLC is a Delaware limited liability company with its principal place of business at 311 S Wacker, Suite 1650, Chicago, Illinois, that it was formed to purchase preferred shares of Beyond Ventures, LLC, and that it is not registered with the State of Washington under RCW 21.20.140 Defendants deny each and every other allegation in paragraph 9.

10-15 Answering paragraphs 10-15, Defendants admit the same.

*Answer -Page 2 of 7*

Law Offices
■ HILLIS CLARK MARTIN & PETERSON ■
A Professional Service Corporation
500 Galland Building, 1221 Second Avenue
Seattle, Washington 98101-2925
(206) 623-1745, Facsimile (206) 623-7789

16    Answering paragraph 16, Defendants admit that Advanced Equities, through its clearing broker, sent copies of account statements addressed to plaintiff's office located in the State of Washington. Defendants deny each and every other allegation in paragraph 16.

## STATEMENT OF FACTS

17.    Defendants admit that in early 1999, plaintiff opened an account with Advanced Equities, that Mr. Kim was assigned as his broker, that plaintiff transferred to that account 16,000 shares of stock in Tech Wave, Inc. and that Tech Wave, Inc. is now known as Network Commerce, Inc  Defendants further state that plaintiff was informed that in order to trade his shares of Tech Wave, Inc., he would be required to take certain steps in order for such shares to be publicly tradeable, and that plaintiff was sent the appropriate forms to take such steps, and that he refused and failed to do so. Defendants deny each and every other allegation in paragraph 17.

18.    Answering paragraph 18, Defendants deny the same

19.    Answering paragraph 19, Defendants admit the same.

20.    Answering paragraph 20, Defendants admit that plaintiff purchased stock in Quentra Networks, Inc. through a private placement, and further admit he purchased publicly traded stock in Quentra Networks, which purchase was cancelled. Plaintiff was informed, and plaintiff knew from his receipt and review of the Quentra subscription documents, that his Quentra stock was restricted stock and could not be publicly traded. Defendants deny each and every other allegation in paragraph 20.

21    Answering paragraph 21, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and therefore deny the same.

22.    Answering paragraph 22, Defendants deny that plaintiff's Network Commerce stock was publicly tradeable. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore deny the same.

//

//

*Answer -Page 3 of 7*

Law Offices
■ HILLIS CLARK MARTIN & PETERSON ■
A Professional Service Corporation
500 Galland Building, 1221 Second Avenue
Seattle, Washington 98101-2925
(206) 623-1745, Facsimile (206) 623-7789

23. Answering paragraph 23, Defendants deny that either plaintiff's Network Commerce stock or plaintiff's Quentra stock was publicly tradeable. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore deny the same

24. Answering paragraph 24, Defendants deny that either plaintiff's Network Commerce stock or plaintiff's Quentra stock was publicly tradeable Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore deny the same.

25. Answering paragraph 25, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore deny the same

26. Answering paragraph 26, Defendants admit Quentra Networks has filed for protection under the bankruptcy laws. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore deny the same

27. Answering paragraph 27, Defendants deny that plaintiff's Quentra stock was publicly tradeable Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore deny the same.

28 Answering paragraph 28, Defendants deny that plaintiff's Network Commerce stock was publicly tradeable. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph, and therefore deny the same.

## FIRST CLAIM FOR RELIEF

## FAILURE TO REGISTER

29. Answering paragraph 29, Defendants hereby reallege the admissions, denials, and answers in all prior paragraphs and incorporate them by this reference.

30. Answering paragraph 30, Defendants deny plaintiff has a right to tender any such securities.

*Answer -Page 4 of 7*
Law Offices
■ HILLIS CLARK MARTIN & PETERSON ■
A Professional Service Corporation
500 Galland Building, 1221 Second Avenue
Seattle, Washington 98101-2925
(206) 623-1745, Facsimile (206) 623-7789

1  31.  Answering paragraph 31, Defendants deny the same.

2  32.  Answering paragraph 32, Defendants admit the same

3  33-34. Answering paragraphs 33-34, Defendants deny the same.

### SECOND CLAIM FOR RELIEF

### BREACH OF CONTRACT

35.  Answering paragraph 35, Defendants hereby reallege the admissions, denials, and answers in all prior paragraphs and incorporate them by this reference.

36.  Answering paragraph 36, Defendants admit the same

37.  Answering paragraph 37, Defendants state that the contract speaks for itself. Defendants deny each and every other allegation in paragraph 37

38-40. Answering paragraphs 38-40, Defendants deny the same.

### THIRD CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTY

41.  Answering paragraph 41, Defendants hereby reallege the admissions, denials, and answers in all prior paragraphs and incorporate them by this reference.

42  Answering paragraph 42, Defendants state that this paragraph states a legal conclusion to which no response is required.

43.  Answering paragraph 43, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph, and therefore deny the same

44-45. Answering paragraphs 44-45, Defendants deny the same.

### FOURTH CLAIM FOR RELIEF

### NEGLIGENCE

46.  Answering paragraph 46, Defendants hereby reallege the admissions, denials, and answers in all prior paragraphs and incorporate them by this reference.

47.  Answering paragraph 47, Defendants state that this paragraph states a legal conclusion to which no response is required.

48-49  Answering paragraphs 48-49, Defendants deny the same

*Answer -Page 5 of 7*

Law Offices
■ HILLIS CLARK MARTIN & PETERSON ■
A Professional Service Corporation
500 Galland Building, 1221 Second Avenue
Seattle, Washington 98101-2925
(206) 623-1745, Facsimile (206) 623-7789

## FIFTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

50. Answering paragraph 50, Defendants hereby reallege the admissions, denials, and answers in all prior paragraphs and incorporate them by this reference.

51. Answering paragraph 51, Defendants state that this paragraph states a legal conclusion to which no response is required.

52. Answering paragraph 52, Defendants state that this paragraph states a legal conclusion to which no response is required.

53-54. Answering paragraphs 53-54, Defendants deny the same

## SIXTH CLAIM FOR RELIEF
## WASHINGTON CONSUMER PROTECTION ACT

55. Answering paragraph 55, Defendants hereby reallege the admissions, denials, and answers in all prior paragraphs and incorporate them by this reference.

56. Answering paragraph 56, Defendants deny the same

57. Answering paragraph 57, Defendants state that this paragraph states a legal conclusion to which no response is required

58-62. Answering paragraphs 58-62, Defendants deny the same.

## JURY DEMAND

63. Answering paragraphs 63, Defendants state that no response is required to this paragraph.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, venue in this case should be transferred to the United States District Court for the Northern District of Illinois, Eastern Division.

3. Plaintiff's claims are barred because he failed to mitigate his damages.

4. Plaintiff's claims are barred by his acts of waiver, estoppel and laches.

*Answer -Page 6 of 7*

Law Offices
■ HILLIS CLARK MARTIN & PETERSON ■
A Professional Service Corporation
500 Galland Building, 1221 Second Avenue
Seattle, Washington 98101-2925
(206) 623-1745, Facsimile (206) 623-7789

5.  Plaintiff's claims are barred by his acts of ratification and acquiescence.

6.  Plaintiff's claims are barred or reduced by his own acts of negligence.

7.  Plaintiff's claims are barred because he assumed the risk that his investments made through Defendants would fail or lose value.

8   Plaintiff's claims are barred because he cannot make the requisite showings of reliance and proximate cause.

WHEREFORE, having fully answered plaintiff's complaint, Defendants pray that the Court dismiss plaintiff's complaint with prejudice and award Defendants their costs and fees herein.

DATED this 2nd day of July, 2001.

HILLIS CLARK MARTIN & PETERSON, P S

By _____
Louis D. Peterson, WSBA #5776

OF COUNSEL:

Andrew J Munro
Andrew M. Zack
MUNRO AND ZACK, P.L.L.C.
3250 West Big Beaver Road
Suite 520
Troy, MI 48084
Telephone (248) 643-9494
Facsimile (248) 643-0786

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

#186200 17445-002

The undersigned certifies that on this day she caused a copy of the document to which this certificate is attached to be hand delivered/faxed and mailed to the last known address of the attorney of record for plaintiff/defendant.

I certify under penalty of perjury under the laws of the state of Washington and the United States that the foregoing is true and correct.

DATED this 2nd day of July, 2001, at Seattle, Washington.

Law Offices
HILLIS CLARK MARTIN & PETERSON
A Professional Service Corporation
500 Galland Building, 1221 Second Avenue
Seattle, Washington 98101-2925
(206) 623-1745, Facsimile (206) 623-7789